UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA PHELAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 04 C 8327 |
| | ) | |
| VILLAGE OF LYONS, ILLINOIS, and | ) | Judge George M. Marovich |
| DAMIEN DYAS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura Phelan ("Phelan") filed an amended complaint against defendants Village

of Lyons, Illinois and Damien Dyas ("Dyas"), in which Phelan alleges that she was subjected to

an unreasonable seizure in violation of the Fourth Amendment to the Constitution. Both Phelan

and defendant Dyas have moved for summary judgment with respect to Dyas's qualified

immunity defense. For the reasons set forth below, the Court denies plaintiff's motion for

summary judgment. The Court grants defendant Dyas's motion for summary judgment.

**I.    Background**

Unless otherwise noted, the following facts are undisputed.[1]

---

[1]Local Rule 56.1 outlines the requirements for the introduction of facts parties would like
considered in connection with a motion for summary judgment. As the Court notes on its
website (and has mentioned in multiple opinions), the Court enforces Local Rule 56.1 strictly.
Facts that are argued but do not conform with the rule are not considered by the Court. For
example, facts included in a party's brief but not in its statement of facts are not considered by
the Court because to do so would rob the other party of the opportunity to show that such facts
are disputed. Where one party supports a fact with admissible evidence and the other party fails
to controvert the fact with citation to admissible evidence, the Court deems the fact admitted.
*See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004). It is not
enough at the summary judgment stage for either party to *say* a fact is disputed. The Court
considers a fact disputed *only* if both parties put forth admissible evidence of his or its version of
the fact. Asserted "facts" not supported by deposition testimony, documents, affidavits or other

Plaintiff Laura Phelan is a Chicago resident who drove through the Village of Lyons on October 14, 2004 on her way to a mall. That evening, Phelan was driving a white Cadillac with the license plate number 1020.

As Phelan was driving north on Harlem Avenue between 5:00 and 5:30 that evening, defendant Damien Dyas, a Village of Lyons police officer, was driving behind her. Dyas decided to conduct a random check on Phelan's license plate. Dyas entered Phelan's plate number into the computer in his police car. The parties dispute what happened while Dyas waited for a response. According to Dyas, Phelan's car swerved suddenly into the right-turn-only lane, failed to turn right, continued through a second right-turn-only lane and then swerved left in front of another vehicle. Phelan denies swerving into the right-turn-only lane and continuing through the intersection without turning.

The parties agree that a police dispatcher informed Dyas that license plate 1020 was a stolen vehicle. Dyas also received a response to his computer inquiry, which response reflected the fact that license 1020 was registered to a stolen vehicle. Dyas did not notice the last line on his computer screen, which reflected the fact that plate 1020 was registered to a black motorcycle.

Dyas, believing Phelan was driving a stolen vehicle, proceeded to conduct a felony traffic stop of Phelan's vehicle. A felony traffic stop is considered to be a high risk traffic stop. Dyas instructed Phelan to remove the keys from the ignition, toss them outside the vehicle and walk backwards toward him. Another officer handcuffed Phelan. Someone put Phelan in the back of Dyas's police car, where she remained for nearly five minutes. After Dyas searched Phelan's car, Dyas returned to the police car and learned from dispatch that the stolen vehicle was a motorcycle. Dyas immediately released Phelan.

---

evidence admissible for summary judgment purposes are not considered by the Court.

Phelan filed suit under 42 U.S.C. § 1983, asserting that she was subjected to an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution. In his answer, Dyas asserted a qualified immunity defense. Both Phelan and Dyas move for summary judgment as to qualified immunity.

## II.    Summary judgment standard

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    Discussion

The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their person, house, papers, and effects, against unreasonable searches and seizures." Const. Amend. IV. A detention during a traffic stop constitutes a seizure for purposes of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-810 (1996). Such a seizure is reasonable if the police officer has "probable cause to believe a traffic violation has occurred." *Whren*, 517 U.S. at 810.

Even if a police officer violates the Fourth Amendment, he is entitled to qualified

immunity "for actions taken during a stop or arrest 'insofar as [his] conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have

known.'" *Smith v. City of Chi.*, 242 F.3d 737, 742 (7th Cir. 2001); *see also Sornberger v. City of*

*Knoxville*, 434 F.3d 1006, 1014 (7th Cir. 2006) ("even if probable cause is lacking with respect

to an arrest, the arresting officer is entitled to immunity so long as his belief that he had probable

cause was objectively reasonable."). Though qualified immunity is a "defense to a § 1983

action, it is the plaintiff who bears the burden of proof" because it is the plaintiff who must

establish a constitutional violation. *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995). "The

qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but

the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S.

224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). The case "should not be

permitted to go to trial if there is *any* reasonable basis to conclude that probable cause existed."

*McDonnell v. Cournia*, 990 F.2d 963, 968 (7th Cir. 1993).

### *Plaintiff's motion for summary judgment*

It is clear that plaintiff is not entitled to summary judgment with respect to qualified

immunity. Dyas has put forth admissible evidence that Phelan violated traffic laws by swerving

suddenly into a right-turn-only lane and continuing straight through the intersection instead of

turning. That fact (though it is disputed by Phelan) alone is sufficient to avoid summary

judgment on the affirmative defense because that fact–if believed by the jury–establishes that

Dyas had probable cause to think Phelan had violated a traffic law. In addition, Dyas had reason

to believe that Phelan was driving a stolen vehicle, given that the dispatcher had told Dyas that the vehicle with plate 1020 was stolen.

Accordingly, Dyas has put forth sufficient evidence from which a reasonable jury could conclude that he is entitled to qualified immunity on Phelan's § 1983 claim. The Court denies plaintiff's motion for summary judgment.

### *Defendant's motion for summary judgment*

Whether Dyas is entitled to summary judgment is a closer call. Here, the issue is whether the evidence–excluding the disputed evidence with respect to whether Phelan's car swerved–shows that Dyas had a reasonable basis to conclude that probable cause existed for arresting Phelan. Without the evidence of the swerving car, the undisputed facts are that Dyas was following Phelan during rush-hour traffic, that the dispatcher told Dyas that the license plate number matched a stolen vehicle and that Dyas glanced at his computer screen to confirm that the license plate was registered to a stolen vehicle. The computer screen also reflected the fact that the license plate was registered to a black motorcycle, but Dyas did not notice this part of the computer screen until he returned to his police car after Phelan had been under arrest for nearly five minutes. He immediately released her.

Prior cases suggest that Dyas is entitled to qualified immunity. In *Eversole v. Steele*, a police officer mistakenly concluded that the plaintiff had illegally purchased two containers of codeine-containing cough syrup in one day. *Eversole v. Steele*, 59 F.3d 710, 718 (7th Cir. 1995). The officer's mistake stemmed from his reading a hand-written pharmacy log entry as "April 8" instead of "April 5." Although the entry resembled an eight more than a five, reading the entry as "April 8" ignored the chronological order of the log entries. The Seventh Circuit concluded

that the mistake was "unfortunate, but not unreasonable" and, thus, concluded that the officer

was entitled to qualified immunity. *Id.* In *Bibart v. Stachowiak*, 888 F.Supp. 864 (N.D. Ill.

1995), the plaintiff was stopped for a routine traffic violation. After stopping the plaintiff, the

arresting officers learned from a dispatcher that there was an outstanding warrant for the

plaintiff. Unbeknownst to the arresting officers, the computer screen upon which the dispatcher

relied stated that there were no outstanding warrants for plaintiff and, instead, listed an

outstanding warrant for the plaintiff's sister. The plaintiff protested that the warrant was for her

sister. Despite her protests, plaintiff was patted down, handcuffed and put in jail for nearly thirty

minutes until another individual realized that the warrant was for plaintiff's sister. The court

concluded that the arresting officers were entitled to qualified immunity because it was

reasonable for them to rely on the dispatcher's statements that there was a warrant for plaintiff's

arrest. As for the dispatcher, the court concluded that there were questions of fact as to whether

the dispatcher's failure to read the screen amounted to incompetence such that she would not be

protected by qualified immunity. *Bibart*, 888 F.Supp. at 867-868.

        In this case, the Court concludes that Dyas had a reasonable basis for concluding that the

car Phelan was driving was stolen. Like the arresting officers in *Bibart*, and unlike the

dispatcher in *Bibart*, Dyas was told by a dispatcher that the vehicle with license plate 1020 was

stolen. It is undisputed that Phelan was driving a vehicle with license plate 1020. Accordingly,

Dyas had a reasonable basis for believing probable cause existed. Although Dyas may have

been slightly negligent in failing to notice the part of his computer screen that reflected that the

stolen vehicle was a motorcycle rather than an automobile, the Court cannot conclude that the

failure amount to incompetence. It might be evidence of incompetence that someone failed to

notice every word on a computer screen while he sat at a desk in an office. It is not, however, evidence of incompetence that Dyas–during a time of day when many cars are on the road and while he was both driving a car and following another car that a dispatcher had told him was stolen–failed to read every word on his computer screen. As a matter of law, Dyas had a reasonable basis for believing probable cause existed. Dyas is entitled to qualified immunity, and his motion for summary judgment is granted.

### *Village of Lyons*

Defendant Village of Lyons has not moved for summary judgment or to dismiss plaintiff's claim against it. In her amended complaint, plaintiff conceded that she "does not assert any federal claims against the municipality." (Plaintiff's Amended Complaint ¶ 3). Accordingly, per the usual practice, the Court exercises its discretion to dismiss without prejudice any remaining state law claims against the Village of Lyons because it has disposed of the only claim over which it had subject matter jurisdiction. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.").

## IV.    <u>Conclusion</u>

For the reasons set forth above, the Court denies plaintiff's motion for partial summary

judgment. The Court grants defendant Dyas's motion for summary judgment. The Court

dismisses without prejudice any remaining claims against the Village of Lyons.

ENTER:

_George M. Marovich_

George M. Marovich
United States District Judge

DATED: May 23, 2007