UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| Laura Phelan, | ) | |
| | ) | Case No: 1:04-cv-08327 |
| Plaintiff, | ) | |
| v. | ) | Honorable George M. Marovich |
| | ) | |
| Village of Lyons, Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COMES the defendant, Damian Dyas, by and through his attorneys, Litchfield Cavo LLP, and pursuant to FRCP 50(a), moves this court for entry of an order granting him judgment as a matter of law as to Count I of the plaintiff's Amended Complaint. In support thereof, the defendant states as follows:

## I.    INTRODUCTION

This action arises out of a traffic stop that occurred on October 14, 2004, in Lyons, Illinois. In her one-count complaint, Phelan alleges that Dyas subjected her to an unreasonable seizure in violation of the Fourth Amendment to the Constitution. Inasmuch as the plaintiff is unable to establish the prima facie elements of her claim, Dyas is entitled to judgment as a matter of law. Alternatively, her claims should be dismissed inasmuch as Dyas is entitled to qualified immunity.

## II.    LEGAL STANDARD

Rule 50 permits a court to grant judgment as a matter of law on a claim "if during a trial by jury a party has been fully heard with respect to an issue and there is no legally sufficient basis for a reasonable jury to have found for that party with respect to that issue." *Selle v. Gibb,*

741 F.2d 896, 900 (7th Cir. 1984). Rule 50 motions should be granted if all the evidence, taken as a whole and viewed in the light most favorable to the non-moving party, it is insufficient for a reasonable jury to have reached a verdict. *Id*. The court may grant judgment as a matter of law only where there is no legally sufficient evidentiary basis for a reasonable jury to find for the "non-moving party." FRCP 50(a). The trial court may not weigh the evidence, make credibility determinations, and may not substitute its view of the contested evidence for the jury's. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097 (2000).

## III. <u>PHELAN'S ARREST WAS BASED ON PROBABLE CAUSE</u>

To establish a prima facie case in a Section 1983 action based on an officer's unlawful arrest, a plaintiff must prove, by a preponderance of the evidence that the arrest was carried out in the absence of probable cause. *Shertz v. Waupac County*, 875 F.2d 578, 582 (7th Cir. 1989). The existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for false arrest. *Id*. Precedent teaches that the effect of a finding of probable cause is not limited to the exact offense which matches the finding of probable cause. *Kelley v. Myler*, 149 F.3d 641 (7th Cir. 1998). *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993). That said, proof of probable cause to arrest the plaintiff on a closely related charge is also a defense to a Section 1983 suit based on probable cause. *Id*.

The evidence introduced during the plaintiff's case in chief was that Officer Dyas conducted a random license plate inquiry on the license plate and the LEADS report showed that license plate number 1020 was listed as stolen. Almost immediately after he received this information, Dyas observed Phelan engage in serious maneuvers, including, cutting across lanes of traffic, cutting off other cars, driving right turn only lanes without executing a right turn and other erratic driving behavior. Dyas followed Phelan for approximately one minute and decided to conduct a felony stop after Dispatch confirmed that the plate was listed as stolen.

The reasonableness of a seizure under the Fourth Amendment is assessed by looking at what a reasonable person would do in the position of the arresting officer, seeing what he saw and hearing what he heard. *Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996). Consequently, a police officer's subjective knowledge of the facts is relevant. *Biddle v. Martin*, 992 F.2d at 676. Probable cause is an absolute bar to a false arrest claim brought pursuant to Section 1983. *Smith v. City of Chicago*, 913 F.2d 469, 473 (7th Cir. 1990). Information set forth on LEADS display combined with Phelan's driving behavior constituted probable cause to conduct the traffic stop. As a result, Officer Dyas is entitled to judgment as a matter of law as to Count I of the First Amended Complaint.

## IV.  DYAS IS ENTITLED TO QUALIFIED IMMUNITY

In determining whether an official is entitled to qualified immunity, a court conducts a two-step inquiry: First, the court must determine whether the conduct alleged violates plaintiff's constitutional rights; Second, the district court must determine whether that right was clearly established at the time of the alleged violation. *Wernsing v. Thompson*, 423 F.3d 732, 742 (7th Cir. 2005); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Typically, the threshold question is posed in the following manner: Taken in the light most favorable to the party asserting the injury, do the facts alleged show officer's conduct violated a constitutional right. *Saucier*, 533 U.S. at 202. If a constitutional right was violated, the court must then ask whether the constitutional right was clearly established at the time the plaintiff was allegedly injured. *Saucier,* 533 U.S. at 202. In deciding whether a right is clearly established, the relevant inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation the officer confronted. *Payne v. Pauley*, 337 F.3d 767, 775-76 (7th Cir. 2003). A right is not clearly established if officers of reasonable competence could disagree on the issue. *Hinnen v. Kelley*, 992 F.2d 140, 142-43 (7th Cir. 1993).

In the context of an alleged unlawful arrest, qualified immunity will protect the defendants where "a reasonable officer could have believed the plaintiff's arrest to be lawful, in light of clearly established law and the information the arresting officers possessed." *Tangwall v. Stuckey*, 135 F.3d 510, 514 (7th Cir. 1998). Even if an officer is mistaken in believing the arrest to be lawful, the immunity will still apply where probable cause arguably existed. *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998). Arguable probable cause exists when "a reasonable officer in the same circumstances and with the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well-established law." *Humphrey*, 148 F.3d at 725.

Here, Phelan's unlawful arrest claim fails against Dyas because, at a minimum, there was arguable probable cause to make the traffic stop. It is undisputed that Dyas decided to run Phelan's license plate as part of a random vehicle inquiry. When he entered Phelan's plate number into the computer he received a response which indicated that license number, 1020, was registered to a stolen vehicle. The LEADS computer is set so that any license plate number entered is treated as a passenger car as opposed to either a motorcycle or a truck. If Dyas sought to run a motorcycle plate he would have to enter the abbreviation or acronym "mc." Almost immediately after Dyas received this information, Phelan began to operate her vehicle in an aggressive, erratic, if not evasive manner. Dyas followed Phelan as she engaged in these maneuvers for approximately 90 seconds. Additionally, it is undisputed that he spoke with the dispatcher and the dispatcher confirmed that the number was registered to a stolen vehicle. Viewed in its totality, the foregoing information provided arguable probable cause for the traffic stop. Seventh Circuit precedent demonstrates that Dyas's mistake may have been unfortunate, but not unreasonable. In *Eversole v. Steel*, the arresting officer mistakenly concluded that the

plaintiff had illegally purchased two containers of codeine-containing cough syrup during a 24-hour period. *Eversole*, 59 F.3d 710, 718. The officer mistakenly read a hand-written pharmacy log entry as April 8th, instead of April 5th. The number 5 entered on the log resembled an 8 more than a 5. Although the number 5 entered on the log resembled an 8 more than a 5, and reading that particular entry as April 8th ignored the chronological order of the log entries, the Seventh Circuit nevertheless concluded that the officer's mistake was not unreasonable and upheld the district court's grant of qualified immunity. Similarly, in *Bibart v. Stachowiak*, 888 F.Supp. 864 (N.D. Ill. 1995), the district court found the defendant officers were entitled to rely upon a police dispatcher's representation that the warrant had been issued for a motorist. Thus, they were protected by qualified immunity. Like the officers in *Eversole*, Dyas mistakenly concluded that there was probable cause to make a seizure. However, the mistake was reasonable and information upon which he relied demonstrates that he had, at the very least, arguable probable cause.

WHEREFORE, the defendant, Damian Dyas, moves this court for entry of an order of judgment as a matter of law as to Count I of the plaintiff's amended complaint and for any additional relief the court deems proper.

LITCHFIELD CAVO, LLP.


By:   /s/ Patrick J. Ruberry
      Attorneys for the defendant,
      Damian Dyas

Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax

**CERTIFICATE OF SERVICE**

I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing Defendant's Rule 50(a) Motion for Judgment as a Matter of Law by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on the 27th day of May, 2009.


/s/ Patrick J. Ruberry
Attorneys for the defendant,
Damian Dyas


Patrick J. Ruberry, Esq. (06188844)
LITCHFIELD CAVO, LLP
303 West Madison Street , Suite 300
Chicago, IL 60606-3300
(312) 781-6677
(312) 781-6630 fax